[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has commenced this action seeking to foreclose two mortgages dated November 3, 1986 from John S. Brady and Joyce W. Brady to Citytrust given to secure a promisory note of $400,000.00 from John S. Brady to Citytrust. One mortgage involves a jointly owned condominium in Watertown, Connecticut, and the other mortgage relates to property solely owned by the defendant CT Page 598 Joyce W. Brady located in the same town.
On October 30, 1986, the defendant Joyce W. Brady executed a power of attorney authorizing her husband John S. Brady to act in her behalf with respect to real estate transactions and banking transactions. On November 3, 1985, John S. Brady signed a promisory note for $400,000.00 and received that sum from Citytrust. As security for the note he executed a mortgage on each of the above properties which he signed individually and on behalf of his wife Joyce W. Brady pursuant to the power of attorney executed by her. Citytrust was the holder of the note and mortgages until August 29, 1991, when the FDIC became the receiver for that bank and succeeded the plaintiff as plaintiff in this action to recover on the note which is in default.
Both defendants admit payments have not been made under the terms of the note and mortgage. The defendant Joyce W. Brady denies she is obligated on the note executed not aware her husband incurred that obligation. She further claims her interest in the real property secured by the mortgage executed by her husband under the power of attorney signed by her cannot be foreclosed because she was not a signer of the note executed by her husband, and the mortgages were given without any consideration to her.
The defendant Joyce W. Brady has admitted executing the power of attorney authorizing her husband John S. Brady to act on her behalf with respect to real estate and banking transactions. Therefore John S. Brady acted lawfully in executing the mortgage deeds on behalf of his wife, and she is bound by his actions.
There is no statutory or cannon law requirement that a mortgagor must also be an obligor on the note which is secured by the property mortgaged State Street Mortgage Co. v. Matrix Development Corp. 17 CLT 41 (Docket #CV91 282654S Judicial District of Fairfield at Bridgeport 8/22/91). A note and mortgage are separate instruments executed for different purposes and the foreclosure of a mortgage and upon the note are separate and distinct causes of action although both may be pursued in a foreclosure action Atlas Realty Corp. v. House 120 Conn. 661, 670. The mortgages executed on Joyce Brady's interest in the property pursuant to the power of attorney are valid and lawfully subject to foreclosure as a result of the default in payment of the note.
For the forgoing reasons the mortgages are found to CT Page 599 be valid and lawfully subject to foreclosure. Based upon the evidence presented at the hearing, the court finds the fair market value of 245 Cherry Avenue (Parcel A) to be $60,000.00 and 560 Northfield Road (Parcel B) to be $90,000.00. The amount of the debt is $442,513.46 as of December 9, 1991. A reasonable appraisal fee of $800.00 is allowed as well as a reasonable attorney fee in the amount of $3,088.50, and a search fee in the amount of $150.00. A judgment of strict foreclosure shall enter with a law day of February 21, 1992.
ZOARSKI, JUDGE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 602